In the Matter of the ESTATE OF
Kenneth Carl LARSON, deceased.

Appeal of SOUTHERN NEVADA
MEMORIAL HOSPITAL.

No. 20518.

Supreme Court of Utah.

Feb. 5, 1988.

LaMar J. Winward and Michael D. Hughes, St. George, for appellant.

Ronald W. Thompson and Dale R. Chamberlain, St. George, for respondent.

DURHAM, Justice:

This is an appeal from the trial court's denial of Southern Nevada Memorial Hospital's (Hospital) petition for allowance of claim in this probate proceeding. The trial court ruled that the claim was barred by the operation of Utah Code Ann. § 75-3-803 (1978). We affirm.

This matter was submitted to the trial judge on undisputed facts, including the following. The decedent died at Hospital in Las Vegas, Nevada, on December 21, 1982. At admission to Hospital, he had listed as his home the Las Vegas address of Maycliff Mini Storage and RV Park, where he had stored some property. On January 4, 1983, a Mr. Shafer was appointed special administrator in a probate proceeding in Clark County, Nevada. On January 5, 1983, the decedent's daughter nominated Mr. Shafer to be the general administrator of her father's estate in Nevada, but he was not so appointed by the court until February 18, 1983. Hospital filed a creditor's claim in the amount of $24,832.54 with the Nevada court on January 6, 1983. There is no evidence in the record that the claim was ever acted upon in any fashion by Mr. Shafer, either before or after he became the general administrator of the estate. Hospital took no steps under Nevada law to have its claim allowed by the estate administrator or by the court. On May 11, 1984, an order was entered in the Clark County court reciting that notice to creditors had been properly given and that "one creditor's claim was filed against the Estate by Southern Nevada Memorial Hospital in the amount of $24,832.54. Said creditor's claim remains unpaid at the date of the filing of [Mr. Shafer's] accounting since there are no assets in the estate to pay said hospital bill." The order then closed the administration of the estate without further reference to Hospital's claim.

Meanwhile, other probate proceedings were commenced in Montana, where some property of the decedent was allegedly located, and in Utah, where decedent's daughter was appointed personal representative in January 1983. Publication of notice to creditors in Utah occurred in January and February of 1983. Hospital did not file its creditor's claim in the Utah proceeding until November 14, 1983, when it learned of the Utah proceedings. The claim was denied by the personal representative, and Hospital filed a petition with the district court for allowance of claim, which the court likewise denied.

The trial court relied on Utah Code Ann. § 75–3–803(1) (1978), which bars all claims not timely filed. Hospital concedes that it did not file its claim in Utah within the time limits specified by this section, but relies on the operation of several other statutes to excuse its late filing.

Hospital relies first on section 75–3–815, which states, "All assets of estates being administered in this state are subject to all claims, allowances, and charges existing or established against the personal representative wherever appointed." Reliance on this section is misplaced because no claim was ever established against the administrator in Nevada, as will be discussed hereafter. Section 75–4–401 provides, "An adjudication rendered in any jurisdiction in favor of or against any personal representative of the estate is as binding on the local personal representative as if he were a party to the adjudication." Hospital's reliance on this language is likewise misplaced because no "adjudication" in favor of or against the Nevada administrator was ever accomplished.

The following statutory provisions govern the process of adjudicating claims in Nevada:

147.110. *Examination of claims by executor or administrator: Allowance or rejection; effect of failure to act on claims.*

1. Within 15 days after the time for filing claims has expired, as provided in this chapter, the executor or administrator shall examine all claims filed and shall either endorse on each claim his allowance or rejection, with the day and the year thereof, or shall file a notice of allowance or rejection with the date and the year thereof, and such notice of allowance or rejection shall be attached to the claim allowed or rejected.

2. Within 5 days after the 15 days specified in subsection 1, the executor or administrator shall present all claims allowed by him to the district judge for his approval or rejection.

3. If an executor or administrator shall refuse or neglect to endorse on a claim his allowance or rejection within 15 days, as specified in this section, or shall not file a notice of allowance or rejection, the claim shall be deemed rejected, but the executor or administrator may, nevertheless allow the claim at any time before the filing of the final account.

147.120. *Status of allowed claims.*

All claims, when approved by the judge, shall be ranked among the acknowledged debts of the estate, to be paid in due course of administration.

147.130. *Rejection of claim; notice; time to file suit; service of summons; removal of executor or administrator for default.*

1. When a claim is rejected by the executor or administrator or the district judge, in whole or in part, the holder must be immediately notified by the executor or administrator, and the holder must bring suit in the proper court against the executor or administrator within 60 days after the notice, whether the claim is due or not, or the claim is forever barred. If the holder of a claim resides out of the county, he may be informed of the rejection of his claim by written notice forwarded to his post office address by registered or certified mail.

Nev.Rev.Stat.Ann. §§ 147.110 to .130 (Michie 1986).

It appears from the facts of this case that the administrator failed to allow or reject Hospital's claim in the Nevada proceeding. Therefore the claim was deemed rejected under Nevada law. Hospital was entitled to petition the administrator for action or to challenge his non-action in court, but took no steps to have its claim allowed in that fashion. Thus the Nevada claim was never allowed or established under Nevada law, and no "adjudication" in favor of or against the Nevada administrator occurred.

Hospital also advanced arguments before the trial court respecting the effect of section 78–12–38 and the decedent's action in listing a Nevada address at the time of his admission to Hospital's facilities. Those arguments are without merit and do not require treatment here. We affirm in all

respects the judgment of the trial court. Costs to respondent.

HALL, C.J., STEWART, Associate C.J., and HOWE and ZIMMERMAN, JJ., concur.